UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAWN RIDDLE,<br>MATT RIDDLE,<br><br>  *Plaintiffs*,<br> v.<br><br>INDIANA DEPARTMENT OF<br>CHILD SERVICES,<br>JOANIE CRUM,<br>LYNDSAY KRAUTER,<br>LORI R. KING,<br>KRISTINA C. HIATT,<br>ELIZABETH DICKERSON,<br>SHANDELL FOUST,<br><br>  *Defendants*. | Cause No. 1:18-cv-03159-RLM-MJD |

OPINION AND ORDER

Dawn and Matt Riddle brought suit against the Indiana Department of Child Services and several employees of the state and county agencies alleging violation of the Riddles' constitutional rights, conspiracy to violate those rights, false arrest, false imprisonment, abuse of process, and defamation. The defendants have moved for summary judgment on all claims. For the following reasons, the court grants the defendants' motion.

I. Background

All of the important things that happened out of court were in 2016. DCS investigated a report that Matt Riddle was abusing his children. Lori King, a DCS Family Care Manager, went to Tipton High School to speak to M.R., one of the

children, who confirmed that Matt physically abused the children. The next day, Family Care Manager Greg Alley went to the Riddles' home and spoke to M.R. and Matt. This time M.R. denied that Matt abused the children. Two days later, a second report of abuse came to the Abuse/Neglect hotline. Ms. King went to Tipton High School and spoke to M.R. and the Riddles' 18-year-old daughter, Katie. The day after speaking to M.R. and Katie, Family Care Manager King went to the family's home and detained M.R. and J.R. Katie accompanied them. Two days after Family Care Manager King detained M.R. and J.R., the Tipton Circuit Court held an Initial Detention Hearing, at which the court found that the removal of M.R. and J.R. was supported by probable cause. The court eventually held that M.R. and J.R. were children in need of services. Because the court had waited too long to hold the fact-finding hearing, the Indiana Court of Appeals reversed the adjudication that M.R. and J.R. were children in need of services. Dawn and Matt Riddle then sought expungement of the case, which the trial court granted.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact." Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011). The movant has the burden of demonstrating to the court that there exists no genuine issue of material fact. Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). The evidence must be viewed in the light most favorable to the non-moving party.

2

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). When the movant has met its burden, the opposing party can't rely solely on the allegations in their pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N.A., 662 F.3d 963, 966 (7th Cir. 2011); see also Steen v. Myers, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. Smith v. Shawnee Library System, 60 F.3d 317, 320 (7th Cir. 1995). Instead, the non-moving party must affirmatively demonstrate with "specific facts" that a genuine issue exists that requires trial. Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist. 163, 315 F.3d 817, 822 (7th Cir. 2003) (emphasis in original). Inability to prove an essential element of the alleged activity makes other facts immaterial. Celotex v. Catrett, 477 U.S. at 323.

### III. Discussion

#### A. Precluded claims

The defendants argue that the state court's determination that DCS had probable cause to remove the children precludes all claims that require an absence of probable cause. The Riddles respond that the court can't consider the state court's rulings on probable cause because the records of the case have been

expunged. The court is satisfied that it can consider the Indiana court's finding of probable cause, despite the case's expungement. Indiana Code 31-99-8-7 provides that

> If a person whose records are expunged brings an action that might be defended with the contents of the records, the defendant is presumed to have a complete defense to the action. For the plaintiff to recover, the plaintiff must show that the contents of the expunged records would not exonerate the defendant.

This statute isn't conclusive as to this case because there is no question about the content of expunged record, but it clearly indicates that Indiana law doesn't preclude a court from ever considering the content of an expunged record.

The Riddles argue that the state court judgment found that there wasn't probable cause, citing to Plaintiff's Exhibit D. Exhibit D is a collection of declarations, so the court believes that the Riddles intended to refer the court to Exhibit E. Exhibit E is the Tipton Circuit Court's expungement order. That order doesn't find that there wasn't probable cause; it notes instead that the court of appeals decided that the case "should have been dismissed in January 2017, prior to any fact-finding determination or dispositional hearing occurring thereafter." *See also* D.R. v. Ind. Dep't of Child Servs. (In re J.R.), 98 N.E.3d 652, 655 (Ind. Ct. App. 2018). This order doesn't find that there wasn't probable cause to remove the children. The initial detention hearing occurred on September 29, 2016, months before the case should have been dismissed. The trial court found that there was probable cause to remove both J.R. and M.R. and neither the court of appeals decision nor the order expunging the case reversed the probable cause determination.

The doctrine of issue preclusion bars this court from adjudicating the claims that require an absence of probable cause. Once a party has litigated an issue and lost, issue preclusion prevents it from relitigating the issue. Jensen v. Foley, 295 F.3d 745, 748 (7th Cir. 2002). Federal courts apply the preclusion law of the state that rendered the opinion. Id. "In determining whether issue preclusion is applicable, a court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue, and (2) whether it is otherwise unfair to apply issue preclusion given the facts of the particular case." Angelopoulos v. Angelopoulos, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013). The Riddles had a full and fair opportunity to litigate whether DCS had probable cause to remove the children at the initial detention hearing. The purpose of the detention hearing was specifically to determine whether probable cause existed. Dawn and Matt Riddle appeared in person and by counsel. A Court Appointed Special Advocate represented the children. The Riddles have provided no reason it would be otherwise unfair to apply issue preclusion in this case. The court found probable cause to remove the children, so while the state case was reversed, then expunged, for a different error, this court is precluded from reconsidering the same issue. Jensen v. Foley, 295 F.3d at 748.

Several of the Riddles' claims require an absence of probable cause to succeed. In relation to the seizure of the children by DCS, claims for violations of their Fourth Amendment and procedural due process rights require a lack of probable cause to remove the children. Coley v. Abell, 682 F. App'x 476, 478 (7th Cir. 2017); Ind. Code. § 31-34-2-3. Probable cause is an absolute defense to §

1983 claims for false arrest and illegal seizure and arrest. Padula v. Leimbach, 656 F.3d 595, 601 (7th Cir. 2011); Sroga v. Weiglen, 649 F.3d 604, 608 (7th Cir. 2011). As discussed next, a lack of probable cause is an essential element of a claim for abuse of process. Because the court can't reconsider the existence of probable cause, the defendants are entitled to judgment on these claims as a matter of law.

To survive summary judgment on the abuse of process claim, the Riddles must point to evidence that: (1) they have satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) they were deprived of liberty. Welton v. Anderson, 770 F.3d 670, 674 (7th Cir. 2014). Under Indiana law, there are four elements of a malicious prosecution claim: "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted with malice in doing so; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." Ingram v. Diamond Equip., Inc., 118 N.E.3d 1, 7 (Ind. Ct. App. 2018). Since Indiana law requires a lack of probable cause to sustain an action for malicious prosecution, the Indiana court's determination that DCS had probable cause to pursue the action prevents a contrary finding by this court.[1]

---

[1] In their response brief, the Riddles challenged most of the exhibits the defendants submitted with their summary judgment motion. Most of those objections went to authentication; if there was a problem with the exhibits as originally submitted, the defendants mooted the objections with proof of authentication submitted with their reply. The Riddles also objected to the defendants' use of the record of the state case because it had been expunged. Because, as this opinion explains with respect to the issue preclusion arguments, expungement didn't erase the fact that the state court

### B.     Conspiracy claim

The defendants argue that the intercorporate conspiracy doctrine entitles them to summary judgment on the Riddles' conspiracy claim. The intercorporate conspiracy doctrine provides that employees of a corporation pursuing its lawful business jointly do not become "conspirators" when acts within the scope of their employment are said to be discriminatory or retaliatory. <u>Wright v. Ill. Dep't of Children & Family Servs.</u>, 40 F.3d 1492, 1508 (7th Cir. 1994). Our court of appeals has applied the intercorporate conspiracy doctrine to claims against government agencies under § 1985. <u>Id.</u> at 1508-1509. Most district courts within this circuit have held that the intercorporate conspiracy doctrine applies to § 1983 claims as well. See <u>Tabor v. City of Chi.</u>, 10 F. Supp. 2d 988, 994 (N.D. Ill. 1998) (collecting cases). The Riddles didn't respond to the defendants' assertion that the intercorporate doctrine applies to this case.

While the Riddles allege in the complaint that the defendants acted in concert with private individuals, they cite to no evidence to that effect. The only evidence to which they cite that could conceivably support a claim that DCS conspired with any private parties was Katie's deposition, in which she said (1) that her family coached her, (2) that the DCS attorney told her to say what Katie had already told DCS at court, and (3) that a family member had gone to DCS about allegations of child abuse and domestic violence. None of these actions are

---

had found the existence of probable cause, the court needn't discuss that objection further.

unlikely to have been undertaken without an agreement, so they don't support a claim that DCS and the family conspired to remove the children. *See* Kunik v. Racine County, 946 F.2d 1574, 1580 (7th Cir. 1991). Viewed in the light most favorable to the Riddles, the evidence doesn't support an inference that the parties acted in concert to deprive the Riddles of their constitutional rights.

### C.  *Abandoned claims*

The Riddles didn't respond to the motion for summary judgment on the substantive due process claim based on the children's continued detention, procedural due process claims, equal protection claims, or defamation claims. Those claims are abandoned. Little v. Mitsubishi Motors N. Am., Inc., 261 F. App'x 901, 903 (7th Cir. 2008) ("Mr. Little abandoned his claims regarding discrimination, harassment and retaliation that occurred during his employment" when he failed to present facts or develop legal arguments on those issues.").

### IV.  CONCLUSION

Accordingly, the court GRANTS the defendants' motion for summary judgment [Doc. No. 47].

SO ORDERED.

ENTERED:  August 21, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court
For the Southern District of Indiana
Sitting by designation

Distribution:  All electronically registered counsel of record