UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAWN RIDDLE and<br>MATT RIDDLE,<br><br>    *Plaintiffs*,<br><br>  vs.<br><br>INDIANA DEPARTMENT OF<br>CHILD SERVICES,<br> JOANIE CRUM,<br> LYNDSAY KRAUTER,<br> LORI R. KING,<br> KRISTINA C. HIATT,<br> ELIZABETH DICKERSON,<br> SHANDELL FOUST,<br><br>    *Defendants*. | CASE NO. 1:18-CV-3159-RLM-MJD |

ORDER

On August 21, the court granted summary judgment for defendants [Doc. No. 67] and entered judgment accordingly. The defendants filed a Bill of Costs with the court, requesting $1,512.40 in expenses [Doc. No. 69] to which the plaintiffs timely objected [Doc. No. 70]. For the following reasons, the court overrules the plaintiffs' objections and awards $1,512.40 in costs to defendants.

The plaintiffs' brief response to the defendants' Bill of Costs lays out two separate grounds for their objection. The plaintiffs argue (1) that the defendants' reference to "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" is deficient because it is too vague, and (2) that awarding defendants costs would be unfair because the defendants are funded

by the State of Indiana and the plaintiffs are taxpayers with limited financial resources [Doc. No. 70].

The prevailing party is entitled to an award of certain litigation costs, excluding attorney's fees. Fed. R. Civ. P. 54(d)(1). This is "the default rule." Arce v. Chi. Transit Auth., 738 Fed. Appx. 335, 361 (7th Cir. 2018). "A party prevails . . . when a final judgment awards it substantial relief." Smart v. Local 702 Int'l Bhd. Of Elec. Workers, 573 F.3d 523, 525 (7th Cir. 2009). On a threshold level, the defendants are the prevailing party because the court ruled in their favor by granting their summary judgment motion. Republic Tobacco Co., v. North Atl. Trading Co., Inc., 481 F.3d 442, 447 (7th Cir. 2006). This means that the defendants have a right to file a bill of costs seeking reimbursement for certain expenses under Fed. R. Civ. P. 54(d)(1).

The plaintiffs bear the burden "of an affirmative showing that the taxed costs are not appropriate." Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005). Costs are appropriate even if there is a financial disparity between the parties. Reed v. International Union of Auto., Aerospace, & Agric. Implement Workers, Local Union No. 663, 945 F.2d 198, 204 (7th Cir. 1991).

Attached to the defendants' Bill of Costs as Exhibit 1 are two invoices that illustrate what expenses were included in the Bill of Costs: a transcript of a fact-finding hearing in Tipton County, and deposition copies of Matt Riddle, Dawn Riddle, and Katie Riddle [Doc. No. 69-1]. Both costs are appropriate. See Majeske v. City of Chicago, 218 F.3d 816, 825 (7th Cir. 2000); Little v. Mitsubishi Motors North America, Inc., 514 F.3d 699, 702 (7th Cir. 2008). The plaintiffs' claim that

they have limited financial resources isn't enough to affirmatively show that costs aren't appropriate. <u>Reed v. International Union of Auto., Aerospace, & Agric. Implement Workers, Local Union No. 663</u>, at 204.

For the foregoing reasons, the court OVERRULES plaintiffs' objections to Defendants' Bill of Costs [Doc. No. 70], and GRANTS $1,512.40 in costs to defendants [Doc. No. 69].

SO ORDERED.

ENTERED:   October 13, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court
for the Southern District of Indiana
Sitting by designation

Distribution:  All electronically registered counsel of record